IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DENNIS JERMAINE BOOKER | § | |
| VS. | § | CIVIL ACTION NO.  1:22-CV-478 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Dennis Jermaine Booker, a prisoner confined at the Beto Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Petitioner is in custody pursuant to a judgment entered in the 252nd District Court of Jefferson County, Texas.  A jury found Petitioner guilty of murder in cause number 14-20464.  On February 4, 2016, Petitioner was sentenced to sixty years of imprisonment.  Petitioner filed a notice of appeal.  On December 13, 2017, the Ninth Court of Appeals affirmed the judgment.  Petitioner filed a motion for rehearing, which was denied on January 29, 2018.  Petitioner did not file a petition for discretionary review.

On June 20, 2019, Petitioner filed his first state application for habeas relief, which was dismissed for noncompliance with the rules on February 5, 2020.  Petitioner filed his second state

application on August 2, 2021. The Texas Court of Criminal Appeals denied the second application without written order on June 29, 2022.

## The Petition

Petitioner filed this petition on October 26, 2022.[1] Petitioner contends his trial attorney provided ineffective assistance of counsel by failing to: (1) investigate; (2) consult with Petitioner; (3) develop a strategy based on self-defense; (4) request a jury instruction on manslaughter; (5) object during the State's opening statement and closing argument request a jury instruction; and (6) negotiate a plea bargain.

## Analysis

Title 28 U.S.C. § 2254 authorizes the district court to entertain a petition for writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment if the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). There is a one-year statute of limitations on federal petitions for writ of habeas corpus brought by state prisoners. 28 U.S.C. § 2244(d). The limitation period begins to run from the latest of: (1) the date on which the judgment became final; (2) the date on which an impediment to filing created by unconstitutional state action was removed; (3) the date on which the United States Supreme Court initially recognized the constitutional right if the right is retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). The amendment also provides that the

---

[1] A prisoner's pleading is considered filed as of the date it was delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988); *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).

statute of limitations is tolled while a state post-conviction review or other collateral attack is pending. 28 U.S.C. § 2244(d)(2).

Here, there was no impediment to filing caused by unconstitutional state action, and Petitioner does not rely on a newly recognized constitutional right. By exercising due diligence, Petitioner should have discovered the factual predicate of his claims before the conviction became final.

Because Petitioner did not file a petition for discretionary review within thirty days after his motion for rehearing was denied by the Ninth Court of Appeals, his conviction became final on February 28, 2018. TEX. R. APP. P. 68.2(a). The statute of limitations began to run the next day, and it expired on February 28, 2019. Petitioner's state applications for habeas relief did not toll the statute of limitations because they were both filed after the limitations period had expired. In addition, Petitioner's first state application would not have tolled the limitations period because it was not properly filed. *Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) (holding that a state application is not properly filed, and does not toll the statute of limitations, if it was dismissed by the Texas Court of Criminal Appeals for noncompliance with the rules). As a result, this petition, filed on October 26, 2022, is untimely.

The statute of limitations may be equitably tolled in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562 (2010). Equitable tolling is only available if: (1) the petitioner diligently pursued his rights, and (2) extraordinary circumstances prevented timely filing. *Id*. Delays of the petitioner's own making are not "extraordinary circumstances." *Sutton v. Cain*, 722 F.3d 312, 316 (5th Cir. 2013). Excusable neglect and ignorance of the law do not justify equitable tolling. *Id*.

Petitioner has not demonstrated that he diligently pursued his rights, or that extraordinary circumstances prevented him from filing a timely petition. As a result, he is not entitled to equitable tolling of the statute of limitations.

Petitioner claims that he relies on newly recognized constitutional rights based on the Supreme Court's decisions in *Martinez v. Ryan*, 566 U.S. 1 (2012) (excusing a procedural default when the claim was not presented in state court due to defense counsel's errors in initial habeas proceeding), and *Trevino v. Thaler*, 569 U.S. 413 (2013) (excusing procedural default for ineffective assistance of trial counsel claims if there was no counsel during state habeas proceedings or if counsel was ineffective). These cases concern situations where a procedural default of an issue may be excused by the lack of counsel or the ineffectiveness of counsel. Neither case has been found to excuse the untimeliness of a federal habeas petition. *See Shank v. Vannoy*, No. 16-30994, 2017 WL 6029846, at *2 (5th Cir. Oct. 26, 2017) (unpublished) (holding that *Martinez* does not apply to the limitations period).

## Recommendation

This petition for writ of habeas corpus should be dismissed as it is barred by the statute of limitations.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an

4

aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 31st day of May, 2023.

_____
Zack Hawthorn
United States Magistrate Judge

5