| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

DENNIS JERMAINE BOOKER, §
　　　　　　　　　　　　　　　§
　　　　Petitioner, §
　　　　　　　　　　　　　　　§
*versus* § CIVIL ACTION NO. 1:22-CV-478
　　　　　　　　　　　　　　　§
DIRECTOR, TDCJ-CID, §
　　　　　　　　　　　　　　　§
　　　　Respondent. §

## MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Dennis Jermaine Booker, a prisoner confined at the Beto Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se,* filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends dismissing the petition as barred by the statute of limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes the objections are without merit. The magistrate judge correctly concluded that the petition is barred by the statute of limitations, and that equitable tolling is not warranted. Petitioner contends that the court should overlook the untimeliness of the petition because he is actually innocent of

murder. The United States Supreme Court has not recognized a freestanding claim of actual innocence as a ground for federal habeas relief. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013); *Burton v. Stephens*, 543 F. App'x 451, 458 (5th Cir. 2013); *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000). However, actual innocence, if proved, may excuse a procedural bar to federal habeas review of constitutional claims. *McQuiggin*, 569 U.S. at 386. To pass through the actual innocence gateway, the petitioner must show that, in light of new, reliable evidence, no jury would have found him guilty beyond a reasonable doubt. *Id*. In this case, Petitioner did not present any newly-discovered evidence calling into question the jury's verdict.

Additionally, the petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may

be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. Therefore, Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

## ORDER

Accordingly, Petitioner's objections (#20) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report and recommendation of the magistrate judge (#17) is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation. A certificate of appealability will not be issued.

SIGNED at Beaumont, Texas, this 1st day of February, 2024.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE